UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYL ANTHONY BEULAH,<br><br>Plaintiff,<br><br>v.<br><br>R. BROOMFIELD, et al.,<br><br>Defendants. | Case No. 24-cv-00205-BLF<br><br>**ORDER GRANTING MOTION TO AMEND COMPLAINT; OF SERVICE; DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. Nos. 8, 12 |

Plaintiff, a prisoner at San Quentin State Prison (SQSP)[1], filed a pro se civil rights action in state court. Defendants removed this action from state court and paid the filing fee. Dkt. No. 1. Plaintiff has sought to amend the complaint, which Defendants have not opposed. Dkt. No. 12, 11, 13. Plaintiff's motion to amend the complaint (Dkt. No. 12) is GRANTED. Plaintiff's amended complaint (Dkt. No. 12) is before the Court for screening pursuant to 28 U.S.C. § 1915A, and service of the complaint on Defendants is ordered. Plaintiff will be granted leave to proceed *in forma pauperis* (for purposes other than the filing fee) by separate order.

## DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),

---

[1] SQSP is now called the San Quentin Rehabilitation Center. The former name is used in this Order for clarity.

(2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Plaintiff's Complaint**

Plaintiff names as Defendants:

    a.   Ron Bloomfield, Acting Warden of SQSP;

    b.   Kathleen Allison, CDCR Director;

    c.   Clarence Cryer, Medical CEO of SQSP;

    d.   Ralph Diaz, Secretary of CDCR;

    e.   Shannon Garrigan, Chief Physician and Surgeon of SQSP;

    f.   J. Clark Kelso, Medical Receiver;

    g.   Ron Davis, Associate Director of Reception Centers.

Dkt. No. 12 at 3. He also refers to the following Defendants:

    h.   Joseph Bick;

    i.   R. Steve Tharratt;

    j.   Dean Borders;

    k.   Louie Escobell.

*Id.* at 4.

Plaintiff alleges that Defendants failed to protect his health and safety when they allowed the transfer of 121 prisoners from the California Institution for Men (CIM), some of whom were positive for COVID-19, to SQSP in May 2020.  *Id.*  Plaintiff contracted COVID-19 and experienced long-term impacts from the disease.  *Id.*

Plaintiff alleges Defendants' conduct violated the Eighth Amendment as well as the California Constitution Article 1, section 17, and seeks compensatory and punitive damages.  *Id.* at 4, 12-14.

### C.     Legal Claims

Liberally construed, the allegations regarding the May 2020 transfer of CIM inmates into SQSP state cognizable Eighth Amendment claims.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (prison official is deliberately indifferent if he or she knows that prisoner faces substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it).

The Court DISMISSES Plaintiff's claims against defendant Tharratt.  The Court understands, as the Attorney General has represented to another court in this district, that "[t]o the best of [the Attorney General's] knowledge, [Dr.] Tharratt died on August 20, 2020." *See* Case No. 3:20-cv-07845-CRB, Dkt. No. 37, 37-1.  The Court takes judicial notice pursuant to Federal Rule of Evidence 201 of the filing in that case, which attaches Dr. Tharratt's obituary published on the California Department of Corrections and Rehabilitation website on October 6, 2020, *available at* https://www.cdcr.ca.gov/insidecdcr/2020/10/06/dr-robert-tharratt-longtime-cchcs-medical-director-passes-away/.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (federal courts "may take judicial notice of court filings and other matters of public record"); *Bullock v. Johnson*, No. CV 15-2070 PA (AS), 2018 WL 5880736, at *13 n.19 (C.D. Cal. Aug. 10, 2018), report and recommendation adopted, No. CV 15-2070 PA (AS), 2018 WL 4791089 (C.D. Cal. Oct. 3, 2018) (taking judicial notice of CDCR obituary).

Dr. Tharratt's death therefore preceded the filing of this action on March 13, 2024.  "[A] party cannot maintain a suit on behalf of, or against, or join, a dead person, or in any other way make a dead person (in that person's own right, and not through a properly represented estate or

3

successor) party to a federal lawsuit." *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 955 (9th Cir. 2020). Dr. Tharratt was therefore not an appropriately named Defendant at the onset of this litigation. If Plaintiff wishes to proceed with a claim against the Estate of Dr. Tharratt, he may file an amended complaint within 28 days of the date of this Order.

The Court also dismisses Defendant Kelso on the basis of his quasi-judicial immunity. *See Harris v. Allison*, No. 20-CV-09393-CRB, 2022 WL 2232526, at *1 (N.D. Cal. June 7, 2022) (dismissing Kelso from a case raising materially similar allegations as those made here); *In re CIM-SQ Transfer Cases*, No. 22-mc-80066-WHO at Dkt. No. 63 (N.D. Cal. July 21, 2022) (same); *Patterson v. Kelso*, 698 F. App'x 393, 394 (9th Cir. 2017) ("Kelso is entitled to quasi-judicial immunity" with respect to negligence claim).

The Court dismisses Plaintiff's claim under the California Constitution Article 1, section 17. State and federal courts have recognized that this provision does not provide a private right of action for damages. *See, e.g.*, *Quezada v. California*, No. 120CV00959DADSAB, 2021 WL 2417119, at *5 (E.D. Cal. June 14, 2021) (citing *Giraldo v. Dep't of Corr. & Rehab.*, 168 Cal. App. 4th 231, 256 (2008)).

**MOTION FOR APPOINTMENT OF COUNSEL**

"Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Id.* (citing *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005)). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and of the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *See Agyeman*, 390 F.3d at 1103. Both factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.*

Plaintiff may be likely to succeed on the merits of some of his claims, but he is able to articulate his claims adequately at the present stage of the case. His motion is denied without prejudice to the Court's later sua sponte appointment of counsel, should the Court determine the

exceptional circumstances are present to warrant it.

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. The Court DISMISSES Defendant Tharratt.

2. If Plaintiff chooses to file a second amended complaint ("SAC") naming the Estate of Dr. Tharratt, he must file the SAC within twenty-eight (28) days of the date of this Order. The SAC must include the caption and civil case number used in this order, 24-cv-00205-BLF, and the words "SECOND AMENDED COMPLAINT" on the first page. Plaintiff must use the Court's complaint form and answer all the questions on the form in order for the action to proceed. Because the SAC completely replaces the previous complaint, Plaintiff must include in his SAC all the claims he wishes to present. Plaintiff may not incorporate material from the prior complaints by reference.

3. The Court DISMISSES Defendant Kelso.

4. The Court DISMISSES Plaintiff's claim under the California Constitution.

5. The Court DENIES Plaintiff's request for appointment of counsel.

6. The Court ORDERS that service on the following CDCR Defendants shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody:

   a. Ron Bloomfield, Acting Warden of SQSP;
   b. Kathleen Allison, CDCR Director;
   c. Clarence Cryer, Medical CEO of SQSP;
   d. Ralph Diaz, Secretary of CDCR;
   e. Shannon Garrigan, Chief Physician and Surgeon of SQSP;
   f. Ron Davis, Associate Director of Reception Centers
   g. Joseph Bick;
   h. Dean Borders;
   i. Louie Escobell.

In accordance with the program, the Clerk is directed to serve on the CDCR via email the

following documents: the operative complaint (Dkt. No. 12), this Order of Service, a CDCR Report of E-Service Waiver form, and a summons. The Clerk also shall serve a copy of this order on the Plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or could not be reached. The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

7. All Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendants, after being notified of this action and asked by the Court, on behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause can be shown for their failure to sign and return the waiver form.

8. In order to expedite the resolution of this case, the court orders as follows:

    a. No later than 90 days from the date of this order, Defendants shall serve and file a motion for summary judgment or other dispositive motion. A motion for summary judgment must be supported by adequate factual documentation and must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*

notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies (where such a motion, rather than a motion for summary judgment for failure to exhaust, is appropriate) must be accompanied by a similar notice. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012); *Woods*, 684 F.3d at 935 (notice requirement set out in *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), must be served concurrently with motion to dismiss for failure to exhaust available administrative remedies).

If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due. All papers filed with the court shall be served promptly on plaintiff.

   b. Plaintiff must serve and file an opposition or statement of non-opposition to the dispositive motion not more than 28 days after the motion is served and filed.

   c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no

7

trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents – documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case. *Stratton,* 697 F.3d at 1008-09.

(The *Rand* and *Wyatt/Stratton* notices above do not excuse defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

        d.    Defendants must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

        e.    The motion shall be deemed submitted as of the date the reply is due. No hearing will be held on the motion unless the court so orders at a later date.

9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

10. All communications by Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to Defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until Defendants'

8

counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendants, but once Defendants are represented by counsel, all documents must be mailed to counsel rather than directly to Defendants.

11. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

12. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

13. This Order terminates Dkt. Nos. 8, 12.

**IT IS SO ORDERED.**

Dated: April 11, 2024

                                                                                      _____
                                                                                      Beth Labson Freeman
                                                                                      United States District Judge